THIS OFFICE IS IN RECEIPT OF YOUR REQUEST FOR AN INFORMAL OPINION CONCERNING THE AUTHORITY OF A CITY BOARD OF TRUSTEES TO HIRE A CITY MANAGER. SPECIFICALLY, YOU INDICATE THAT THE CITY HAS VOTED TO CHANGE ITS FORM OF GOVERNMENT FROM A BOARD OF TRUSTEES TO A CITY MANAGER FORMAT. YOU ALSO SUGGEST THAT THE BOARD OF TRUSTEES IS CONTEMPLATING THE HIRING OF THE CITY MANAGER PRIOR TO THE ELECTION OF THE CITY COUNCIL.
THIS OFFICE IN A PREVIOUS ATTORNEY GENERAL OPINION NO. 82-125 INDICATED THAT A CITY MANAGER MAY NOT BE HIRED BY A CITY OR TOWN WHO OPERATES UNDER THE BOARD OF TRUSTEES' FORM OF GOVERNMENT. THUS, IT WOULD BE IMPROPER FOR THE BOARD OF TRUSTEES TO HIRE A CITY MANAGER.
THIS RESULT IS ALSO SUPPORTED BY THE STATUTORY PROVISIONS FOR CHANGING MUNICIPAL FORMS OF GOVERNMENT. OKLA. STAT. TIT. 11 O.S. 18-101 ET SEQ., AS AMENDED (1990). SECTION 11 O.S. 18-104 INDICATES THAT THE NEW FORM OF GOVERNMENT WOULD NOT BECOME OPERATIVE UNTIL THE TERMS OF THE NEW OFFICERS BEGIN. ACCORDINGLY, UNTIL THE CITY COUNCIL IS ELECTED AND TAKES OFFICE THERE WOULD BE NO ONE AUTHORIZED TO EMPLOY A CITY MANAGER. THE CITY MUST CONTINUE TO OPERATE UNDER THE BOARD OF TRUSTEES FORMAT UNTIL THE NEW GOVERNING BODY TAKES OFFICE.
YOUR LETTER INDICATES THAT THE BOARD OF TRUSTEES MAY HAVE ALREADY CONTRACTED WITH AN INDIVIDUAL TO BE THE CITY MANAGER UNDER THE NEW FORM OF GOVERNMENT. IT WOULD BE THIS WRITER'S OPINION THAT SUCH CONTRACT WOULD BE VOID AND UNENFORCEABLE AGAINST THE CITY BECAUSE THE BOARD OF TRUSTEES IS WITHOUT AUTHORITY TO ENTER INTO SUCH CONTRACT.
(GUY L. HURST)